**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VACATION CLUB SERVICES, INC.,**

        **Plaintiff,**

-vs-                                                                           **Case No. 6:10-cv-247-Orl-31GJK**

**GIOVANNI RODRIGUEZ, GLOBAL**
**RESORT MANAGEMENT, LLC, and**
**JEFFREY MORRIS,**

        **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Jeffrey Morris ("Morris")[1], Motion to Dismiss (the "Motion") (Doc. 45), and Plaintiff's, Vacation Club Services, Inc. ("Plaintiff") response in opposition thereto (the "Response") (Doc. 48).

**I. Overview**

The background and procedural history of this case are well known to the Court and the parties. (Docs. 6, 22 and 24). In short, Plaintiff alleges that Rodriguez, one of its employees, surreptitiously obtained a confidential database of Plaintiff's timeshare members.[2] Rodriguez allegedly then sold the database to Morris, who in turn, sold the database to one or more third-parties, including Global. (Doc. 25, ¶¶ 29-30). Subsequent to these transactions, Plaintiff's

---

[1]Defendants Giovanni Rodriguez ("Rodriguez") and Global Resort Management, LLC ("Global") are not parties to Morris' Motion.

[2]After discovering Rodriguez' actions, Plaintiff terminated Rodriguez' employment.

timeshare owners were solicited by Global. Morris is not alleged to have had any prior affiliation with Plaintiff, Rodriguez or Global, and simply appears to have acted as a recipient and re-seller of Plaintiff's confidential database.

Plaintiff asserts five claims against Morris. In Count I, Plaintiff asserts a claim for violation of the Computer Fraud and Abuse Act ("CFAA").[3] (Doc. 25, ¶¶ 35-40). In Count V, Plaintiff asserts a claim for misappropriation of trade secrets pursuant to Florida's Uniform Trade Secrets Act ("FUTSA").[4] (Doc. 25, ¶¶ 58-66). In Count VI, Plaintiff asserts a common law claim for conversion. (Doc. 25, ¶¶ 67-72). In Count VII, Plaintiff asserts a civil theft claim pursuant to FLA. STAT. §§ 772.11 and 812.014. (Doc. 25, ¶¶ 73-77). Finally, in Count VIII Plaintiff asserts a claim for violating the record keeping provisions of Florida's Vacation Plan and Timesharing Act[5] in FLA. STAT. § 721.121. (Doc. 25, ¶¶ 78-85).

In his Motion,[6] Morris moves to dismiss each of the foregoing claims pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 45 at 1).

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. (Doc. 25, ¶ 1).

---

[3] *See generally* 18 U.S.C. § 1030(g).

[4] *See generally* FLA. STAT. §§ 688.001 to 688.009.

[5] *See generally* FLA. STAT. §§ 721.01 to 721.98.

[6] In passing, the Court notes that Morris' Motion is not doubled-space and uses less than twelve-point type. Although Plaintiff did not object, the Court will not hesitate to strike Morris' future filings for failure to comply with Local Rule 1.05(a).

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Discussion**

    **A. Count I – CFAA**

Morris contends, *inter alia*, that Plaintiff failed to allege that he engaged in any activity that would violate CFAA.[7] (Doc. 45 at 4). Although Plaintiff acknowledges that it was Rodriguez – and not Morris – who gained unauthorized access to Plaintiff's database, Plaintiff argues that Morris can still be held liable if he "implicitly induced or encouraged" Rodriguez to access the database without authorization. (Doc. 48 at 8).

Upon review, Morris' motion will be granted as to Count I. In pertinent part, CFAA provides that: "Whoever conspires to commit or attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) . . . ." 18 U.S.C. § 1030(b). Nothing in the Amended Complaint, however, comes close to alleging that Morris and Rodriguez conspired to violate CFAA – much less that Morris even knew of Rodriguez or that Rodriguez had access to Plaintiff's database. At most, Morris is alleged in Count I to have been a fence that simply received the database from Rodriguez. Accordingly, Count I will be dismissed without prejudice.

---

    [7]Morris also contends that Plaintiff failed to allege that it suffered a "loss" because of an "interruption of service" within the meaning of 18 U.S.C. § 1030(e)(11). The Court recognizes the split of authority identified in the parties' briefs on this issue. It seems fairly clear that an "interruption of service" need only be alleged where the plaintiff is attempting to recover "revenue lost, cost incurred, or other consequential damages" – not where the plaintiff is attempting to recover, as here, "any reasonable cost to any victim, including the cost of responding to an offense [and] conducting a damage assessment . . . ." 18 U.S.C. § 1030(e)(11). However, the Court need not resolve this issue now.

## B. Count V – Misappropriation of Trade Secrets in Violation of FUTSA

To state a claim under FUTSA, the plaintiff must allege that: (1) it possessed secret information and took reasonable steps to protect its secrecy; and (2) the secret information was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it. *See*, *e.g.*, *Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007); *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001); *see also* FLA. STAT. § 688.002 (defining "misappropriation" to include "Disclosure or use of a trade secret . . . without express or implied consent by a person who . . . knew or had reason to know that her or his knowledge of the trade secret was . . . derived from or through a person who had utilized improper means to acquire it.").

Morris concedes that Plaintiff's database constitutes a trade secret. He argues instead, however, that Plaintiff failed to adequately allege that he "either knew or had reason to know that the trade secret was acquired through improper means." (Doc. 45 at 6-7). Although Plaintiff alleged that he "willfully and maliciously" misappropriated the database, Morris contends that "there is no allegation anywhere in the amended complaint that [he] **knowingly** misappropriated anything." (Doc. 45 at 7).[8]

Upon review, Morris' contention is without merit. The allegations in Count V make plain that Morris is alleged to have "knowingly" misappropriated Plaintiff's trade secret and are sufficient to state a non-speculative claim for relief under FUTSA. Morris' Motion as to Count V will therefore be denied.

---

[8]Morris also contends that Count V fails to satisfy Florida's factual pleading standard by failing to allege "ultimate facts." (Doc. 45 at 7). Morris forgets that the Federal Rules of Civil Procedure – not the Florida rules – apply in this Court. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny; *see also* 28 U.S.C. § 2072.

### C. Count VI – Conversion

Morris contends that Plaintiff's common law conversion claim is preempted by FUTSA. (Doc. 45 at 7-8). As Plaintiff correctly notes, however, its database has not yet been determined to be a "trade secret." (Doc. 48 at 12). If and when that determination is made, Count VI very well may be preempted by FUTSA. Until then, however, Plaintiff remains free to plead in the alternative. FED. R. CIV. P. 8(d)(3). Accordingly, Morris' Motion as to Count VI will be denied.

### D. Count VII – Civil Theft in Violation of Fla. Stat. §§ 772.11 and 812.014

Morris makes two arguments with respect to Count VII. First, he contends that Plaintiff failed to allege the essential elements of a claim for civil theft (including, in particular, "felonious intent"). (Doc. 45 at 9-10). Second, he contends that Plaintiff failed to satisfy the pre-suit filing requirement of making a written demand for damages pursuant to FLA. STAT. § 772.11. (Doc. 45 at 11).

Upon review, Morris' Motion will be denied as to Count VII. Plaintiff is not required to plead each element of its claim with particularity. In pertinent part, § 812.014 states that a "person commits theft if he or she knowingly obtains or uses . . . the property of another with intent to, either temporarily or permanently . . . [d]eprive the other person of a right to the property or a benefit from the property." FLA. STAT. § 812.014(1)(a). By allegedly providing Plaintiff's database to Global (or one of Global's employees), Morris knowingly used the database with the intent to deprive Plaintiff of a right to its property. Furthermore, Plaintiff has timely cured its failure to serve Morris with a written demand, (Doc. 48 at 13), and Morris does not contend that he suffered any sort of prejudice as a result of Plaintiff's technical violation of FLA. STAT. § 772.11. Accordingly, Morris' Motion will be denied as to Count VII.

### E. Count VIII – Violation of Record Keeping Provisions of Florida's Vacation Plan and Timesharing Act

In pertinent part, the record keeping provisions of Florida's Vacation Plan and Timesharing Act require "resale service providers"[9] and "lead dealers"[10] to maintain the following records in connection with the exchange of timeshare owners' personal contact information:

> (a) The name, home address, work address, home telephone number . . . and cellular telephone number of the lead dealer from which the personal contact information was obtained.
>
> (b) A copy of a current government-issued photographic identification for the lead dealer from which the personal contract information was obtained . . . .
>
> (c) The date, time, and place of the transaction at which the personal contract information was obtained, along with the amount of consideration paid and a signed receipt from the lead dealer or copy of a canceled check.
>
> (d) A copy of all pieces of personal contract information obtained in the exact from and media in which they were received . . . .
>
> (e) If personal contact information was directly researched and assembled . . . and not obtained from another lead dealer, a complete written description of the sources from which personal contact information was obtained . . . .

FLA. STAT. § 721.121(1)(a)-(e).

A failure to maintain these records leads to a presumption that the resale service provider or lead dealer wrongfully obtained timeshare owners' personal contact information. FLA. STAT. § 721.121(2). Furthermore:

---

[9] A "resale service provider" means "any person who uses unsolicited telemarketing, direct mail, or e-mail in connection with the offering of resale brokerage or resale advertising services to owners of timeshare interests." FLA. STAT. § 721.05(44).

[10] A "lead dealer" includes any "person who sells or otherwise provides a resale service provider or any other person with personal contact information for five or more owners of timeshare interests." FLA. STAT. § 721.05(42).

> Any party who establishes that a resale service provider or lead dealer wrongfully obtained or wrongfully used personal contact information with respect to owners of a timeshare plan . . . shall, in addition to any other remedies that may be available in law or equity, be entitled to recover from such resale service provider or lead dealer an amount equal to $1,000 for each owner about whom personal contact information was wrongfully obtained or used. Upon prevailing, the plaintiff in any such action shall also be entitled to recover reasonable attorney's fees and costs.

FLA. STAT. § 721.121(3).

Morris contends that Plaintiff failed to allege that he "wrongfully" obtained or used timeshare owners' contact information. (Doc. 45 at 13). In response, Plaintiff contends that the failure to use the term "wrongfully" is not fatal.

Upon review, Morris' Motion will be denied as to Count VIII. Although Count VIII does not allege that Morris failed to maintain the records required by § 721.121(1) or expressly state that Morris "wrongfully" obtained or used Plaintiff's database, Morris' provision of the database to Global and Global's subsequent solicitation of Plaintiff's timeshare owners gives rise to a reasonable inference that Morris wrongfully used timeshare owners' personal contact information in violation of § 721.121(3).

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Morris' Motion to Dismiss (Doc. 45) is **GRANTED** in part and **DENIED** in part. Count I is hereby **DISMISSED** without prejudice. Plaintiff shall be permitted to file a second amended complaint by no later than **Friday, May 7, 2010**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE